| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: |
| Southern District of Texas |
| (State) |
| Case number *(if known)*:          Chapter   11 |

☐ Check if this is an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy
04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

1. **Debtor's Name**  
   **Specialty Retailers, Inc.**

2. **All other names debtor used in the last 8 years**  
   **d/b/a Bealls, Goody's, Gordmans, Palais Royal, Peebles, Stage**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)  
   **74-0821900**

4. **Debtor's address**

   **Principal place of business**
   
   **2425 West Loop South**
   Number   Street
   
   **Houston, Texas 77027**
   City          State   Zip Code
   
   **Harris County**
   County

   **Mailing address, if different from principal place of business**
   
   Number   Street
   
   P.O. Box
   
   City          State   Zip Code
   
   **Location of principal assets, if different from principal place of business**
   
   Number   Street
   
   City          State   Zip Code

5. **Debtor's website** (URL)   **https://www.stage.com**

6. **Type of debtor**
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify:

---

Official Form 201          Voluntary Petition for Non-Individuals Filing for Bankruptcy          page 1

Debtor     __Specialty Retailers, Inc.__     Case number *(if known)* _____
Name

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**4521 (Department Stores)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1). Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

| | District | When | Case number |
|---|---|---|---|
| | _____ | ___ MM/DD/YYYY | _____ |
| | _____ | ___ MM/DD/YYYY | _____ |

Official Form 201      Voluntary Petition for Non-Individuals Filing for Bankruptcy      page 2

Debtor        Specialty Retailers, Inc.                    Case number *(if known)*
          Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes.

| | | | | |
|---|---|---|---|---|
| Debtor | **Stage Stores, Inc.** | | Relationship | **Affiliate** |
| District | **Southern District of Texas** | | When | **5/10/2020** |
| | | | | MM / DD / YYYY |
| Case number, if known | | | | |

List all cases. If more than 1, attach a separate list.

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

Number    Street

City         State    Zip Code

**Is the property insured?**

☐ No
☐ Yes.  Insurance agency _____
         Contact name     _____
         Phone            _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors[1]**

☐ 1-49            ☐ 1,000-5,000       ☐ 25,001-50,000
☐ 50-99           ☐ 5,001-10,000      ☐ 50,001-100,000
☐ 100-199         ☒ 10,001-25,000     ☐ More than 100,000
☐ 200-999

---

[1] The Debtors' estimated assets, liabilities, and number of creditors noted here are provided on a *consolidated* basis.

Debtor        Specialty Retailers, Inc.                              Case number *(if known)*
              Name

**15. Estimated assets**
- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☒ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**
- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☒ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **5/10/2020**
               MM/ DD / YYYY

✘   */s/ Michael L. Glazer*                                        Michael L. Glazer
    Signature of authorized representative of debtor               Printed name

    Title   **President and Chief Executive Officer**

**18. Signature of attorney**

✘   */s/ Matthew D. Cavenaugh*                          Date  **5/10/2020**
    Signature of attorney for debtor                          MM/DD/YYYY

    **Matthew D. Cavenaugh**
    Printed name

    **Jackson Walker L.L.P.**
    Firm name

    **1401 McKinney Street, Suite 1900**
    Number         Street

    **Houston**                                    **Texas**         **77010**
    City                                           State             ZIP Code

    **(713) 752-4200**                             **mcavenaugh@jw.com**
    Contact phone                                  Email address

    **24062656**                                   **Texas**
    Bar number                                     State

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SPECIALTY RETAILERS, INC., | ) | Case No. 20-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Specialty Retailers, Inc. | Stage Stores, Inc. | 2425 West Loop South Houston, Texas 77027 | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| SPECIALTY RETAILERS, INC., | ) Case No. 20-_____(___) |
| Debtor. | ) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Stage Stores, Inc. | 100% |

| **Fill in this information to identify the case:** | |
|---|---|
| Debtor name | Stage Stores, Inc., *et al.* |
| United States Bankruptcy Court for the: | Southern District of Texas (State) |
| Case number *(If known)*: | |

☐ Check if this is an amended filing

## Official Form 204

Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders       12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 1 | Nike Inc. One Bowerman Drive Beaverton, OR 97005 | Attn: Julia Farley Phone: 503-671-6453 Email: Julia.Farley@nike.com | Trade | n/a | | | $3,602,690.92 |
| 2 | Adobe Systems Incorporated 345 Park Avenue San Jose, CA 95110-2704 | Attn: Dana Rao, General Counsel Phone: 408-536-6000 Fax: 408-537-6000 Email: drao@adobe.com | Service Provider | n/a | | | $2,640,909.36 |
| 3 | Skechers USA Inc. 228 Manhattan Beach Blvd. Manhattan Beach, CA 90266 | Attn: Philip Paccione, General Counsel Phone: 310-318-3100 Fax: 310-318-5019 Email: philp@skechers.com | Trade | n/a | | | $2,310,679.08 |
| 4 | Ralph Lauren 650 Madison Avenue New York, NY 10022 | Attn: Avery Fischer Phone: 212-318-7000 Fax: 212-888-5780; 212-318-7183 Email: customerassistance@ralphlauren.com; avery.fischer@ralphlauren.com | Trade | n/a | | | $2,138,460.44 |
| 5 | Levi 1155 Battery Street San Francisco, CA 94111 | Attn: Seth Jaffe Phone: 415-501-6000 Fax: 415-501-7112; 415-501-3939 Email: seth.jaffe@levi.com | Trade | n/a | | | $2,079,088.16 |
| 6 | Adidas 5055 N Greeley Ave Portland, OR 97217 | Attn: Maryadena McLemore Phone: 800-982-9337 Fax: 971-234-2450 Email: maryadena.mclemore@adidas-group.com | Trade | n/a | | | $1,879,738.26 |

[1] The Debtors reserve the right to assert setoff and other rights with respect to any of the claims listed herein.

|  | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 7 | E-Lo Sportswear, LLC<br>1 Cape May Street Suite 290<br>Harrison, NJ 07029 | Attn: Sam Kaplan<br>Phone: 973-484-4740<br>Email: SKaplan@zaralo.com | Trade | n/a |  |  | $1,667,377.40 |
| 8 | 9th Wonder - Houston LLC<br>201 San Jacinto St<br>Suite 267<br>Houston, TX 77002 | Attn: Angelic Elmore<br>Email: Angelic.Elmore@9thWonder.com | Service Provider | n/a |  |  | $1,394,133.91 |
| 9 | WM Carter<br>3438 Peachtree Road<br>North East Suite 1800<br>Atlanta, GA 30326 | Attn: Robin Shannon<br>Phone: 877-333-0117<br>Email: Robin.Shannon@carters.com | Trade | n/a |  |  | $1,323,174.90 |
| 10 | Gourmet Home Products LLC<br>347 5th Ave Suite 507<br>New York, NY 10016 | Attn: Victor Saadeh<br>Phone: 212-213-5100<br>Fax: 212-213-5188<br>Email: VictorS@GourmetHomeProducts.com | Trade | n/a |  |  | $1,247,496.22 |
| 11 | Yankee Candle Company<br>4110 Premier Drive<br>High Point, NC 27265 | Attn: Candy Ress<br>Phone: 877-803-6890<br>Email: Candy.Ress@newellco.com | Trade | n/a |  |  | $1,205,810.35 |
| 12 | Select Brands Inc.<br>10817 Renner Blvd<br>Lenexa, KS 66219-9608 | Attn: Dick Fleming<br>Phone: 913-663-4500<br>Fax: 913-663-4744<br>Email: Dick.Fleming@Selectbrands.com | Trade | n/a |  |  | $1,166,019.16 |
| 13 | North Point Trading<br>347 5th Ave.<br>New York, NY 10016 | Attn: Victor Saadeh<br>Phone: 212-481-8001<br>Email: VictorS@GourmetHomeProducts.com | Trade | n/a |  |  | $1,159,889.30 |
| 14 | Columbia Sportswear<br>14375 NW Science Park Dr.<br>Park Drive, OR 97229 | Attn: Lynn Mecham<br>Phone: 503-985-4000<br>Email: lmecham@columbia.com | Trade | n/a |  |  | $1,153,844.16 |
| 15 | Byer<br>66 Potrero Avenue<br>San Francisco, CA 94103 | Attn: Phil Byer<br>Email: pbyer@byer.com | Trade | n/a |  |  | $1,141,285.80 |
| 16 | Fencepost<br>1951 NE Rice Road<br>PO Box 6770<br>Lees Summit, MO 64064-9998 | Attn: Carol Mercer<br>Email: carol.mercer@fencepostproductions.com | Trade | n/a |  |  | $1,125,265.16 |
| 17 | Specialty Store Services<br>454 Jarvis<br>Des Plaines, IL 60018 | Attn: Jay Arellano<br>Email: jay@specialtystoreservices.com | Trade | n/a |  |  | $1,015,979.19 |
| 18 | Wicked Fashions by Southpole<br>222 Bridge Plaza South<br>Fort Lee, NJ 7024 | Attn: Hoon Choi<br>Phone: 201-242-5900<br>Email: HoonC@southpole-usa.com | Trade | n/a |  |  | $968,965.33 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 19 | YMI Jeanswear Inc.<br>1155 S Boyle Ave<br>Los Angeles, CA 90023 | Attn: David Vered<br>Phone: 323-581-7700<br>Email: david@ymijeans.com | Trade | n/a | | | $955,654.43 |
| 20 | RGIS Inventory Specialists<br>2000 E Taylor Rd<br>Auburn Hill, MI 48326 | Attn: Office of General Counsel<br>Phone: 248-221-4000<br>Email: jbrinza@rgis.com | Trade | n/a | | | $952,634.36 |
| 21 | FILA USA Inc.<br>930 Ridgebrook Rd<br>Suite 200<br>Sparks, MD 21152 | Attn: Johanna Saltysiak<br>Phone: 410-773-3000<br>Fax: 410-773-4973<br>Email: jsaltsiak@fila.com | Trade | n/a | | | $941,932.16 |
| 22 | Home Essentials & Beyond<br>200 Theodore Conrad Dr.<br>Jersey City, NJ 07305 | Attn: Susan Kofsky Gottlieb, Sales Manager<br>Phone: 732-590-3600<br>Fax: 732-590-3660<br>Email: skgassoc@outlook.com | Trade | n/a | | | $917,668.62 |
| 23 | Pandora Media Inc.<br>2100 Franklin Street, 7th Floor<br>Oakland, CA 94612 | Attn: Anthony Andrews<br>Email: Anthony.Andrews@siriusxm.com | Service Provider | n/a | | | $905,644.11 |
| 24 | KHQ Investment LLC<br>1359 Broadway Floor 21<br>New York, NY 10018 | Attn: Lori Weener<br>Phone: 212-615-3400<br>Email: loriweener@Globalbrandsgroup.com | Professional Services | n/a | | | $894,669.78 |
| 25 | Enchante Accessories Inc.<br>16 East 34th St.<br>2nd Floor<br>New York, NY 10016 | Attn: Abraham Weinberger<br>Phone: 212-725-7879<br>Email: abraham@ench.com | Trade | n/a | | | $842,878.19 |
| 26 | Valyria LLC dba Transpac<br>1050 Piper Drive<br>Vacaville, CA 95688 | Attn: Laurie Gilner<br>Phone: 707-452-0600<br>Email: lgilner@shoptii.com | Trade | n/a | | | $778,977.09 |
| 27 | Great American Beauty Inc.<br>124 N Swinton Ave<br>Delray Beach, FL 33444 | Attn: Gary Banoun<br>Phone: 561-496-2730<br>Fax: 561-496-1467<br>Email: gbanoun@gabinc.net | Trade | n/a | | | $704,267.42 |
| 28 | Rocket Fish Inc.<br>750 Victoria St<br>Compton, CA 90220 | Attn: Sandra Ibarra<br>Phone: 800-620-2790<br>Email: sandrai@colosseumusa.com | Trade | n/a | | | $699,049.77 |
| 29 | Westport Corporation.<br>331 Changebridge Road<br>Pine Brook, NJ 07058 | Attn: Mike Rahim<br>Phone: 888-400-4243; 631-321-0160<br>Fax: 631-321-1326; 631-321-8461<br>Email: mrahim@mundiwestport.com | Trade | n/a | | | $688,174.64 |
| 30 | Biddeford Blankets LLC<br>13820 W Business Center Dr.<br>Green Oaks, IL 60045 | Attn: Marge Stieber<br>Phone: 800-789-6441<br>Fax: 847-566-6431<br>Email: Marge.Stieber@biddefordblankets.com | Trade | n/a | | | $677,925.41 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 31 | Western Glove Works<br>555 Logan Avenue<br>Winnipeg, MB R3A 0S4<br>Canada | Attn: Kim Boyes<br>Phone: 204-788-4249<br>Fax: 204-772-6929<br>Email: kim.boyes@westernglove.mb.ca | Trade | n/a | | | $674,067.50 |
| 32 | Channel Control Merchants LLC<br>6892 US Hwy 49 North<br>Hattiesburg, MS 39402 | Attn: Jennifer Schock<br>Phone: 601-268-7555<br>Fax: 601-268-7668<br>Email: jschock@chapter3inc.com | Trade | n/a | | | $662,690.76 |
| 33 | Rimini Street Inc.<br>3993 Howard Hughes Parkway Suite 500<br>Las Vegas, NV 89169 | Attn: Mixhael Kenning<br>Phone: 702-839-9671<br>Fax: 702-973-7491<br>Email: mkenning@riministreet.com | Service Provider | n/a | | | $662,074.77 |
| 34 | New View Gifts & Accessories.<br>311 East Baltimore Ave Suite 300<br>Media, PA 19063 | Attn: Sandy Amelotti<br>Phone: 610-627-0190<br>Fax: 610-627-0189<br>Email: samelotti@nvga.com | Trade | n/a | | | $652,577.45 |
| 35 | Crystal Art of Florida Inc.<br>11555 Heron Bay Blvd Suite 200<br>Coral Springs, FL 33076 | Attn: Elena Mendez<br>Phone: 305-885-5358<br>Email: elenam@crystalartgallery.com | Trade | n/a | | | $624,040.99 |
| 36 | L2 Brands LLC<br>300 Fame Ave<br>Hanover, PA 17331 | Attn: Angie Myuller<br>Phone: 800-627-3244<br>Fax: 717-630-0827<br>Email: Amuller@L2Brands.com | Trade | n/a | | | $623,662.00 |
| 37 | Hybrid Promotions LLC<br>10711 Walker Street<br>Cypress, CA 90630 | Attn: Liza Valencia<br>Phone: 714-952-3866<br>Email: lvalencia@hybridapparel.com | Trade | n/a | | | $596,353.79 |
| 38 | Playtek, LLC<br>148 Madison Ave<br>8th Floor<br>New York, NY 10016 | Attn: Victor Saadeh<br>Phone: 212-779-1144<br>Email: VictorS@GourmetHomeProducts.com | Trade | n/a | | | $585,072.47 |
| 39 | Elizabeth Arden<br>880 S.W. 145th Avenue Suite 200<br>Pembroke Pines, FL 33027 | Attn: Jennifer Lopez<br>Email: jennifer.lopez@revlon.com | Trade | n/a | | | $584,831.05 |
| 40 | New Balance<br>Brighton Landing<br>100 Guest Street<br>Boston, MA 02135 | Attn: Manfred Rottler, Sales Manager<br>Phone: 617-783-4000<br>Email: manfred.rottler@newbalance.com | Trade | n/a | | | $581,180.48 |
| 41 | Gina Concepts<br>10 West 33rd Street<br>New York, NY  10001 | Attn: Sam Gewirtz<br>Phone: 212-947-2445<br>Email: samg@ginagroup.com | Trade | n/a | | | $573,769.67 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 42 | Style Craft Home Collect 8474 Market Place Drive Suite 104 Southaven, MS 38671 | Attn: Leslie Lawhon Phone: 662-429-5279 Fax: 662-429-1608 Email: Llawhon@Stylecraft-US.COM | Trade | n/a | | | $563,606.60 |
| 43 | 360I LLC 32 Avenue of the Americas, 6th Floor New York, NY 10013 | Attn: Bryan Datyner Phone: 877-570-2449 Email: Bryan.Datyner@360i.com | Service Provider | n/a | | | $552,727.62 |
| 44 | Ruby Road 1333 Broadway 12th Floor New York, NY 10018 | Attn: Vivian Zheng Phone: 888-246-0250 Email: vzheng@alfreddunner.net | Trade | n/a | | | $541,694.17 |
| 45 | Reflex Sales Group 6219 Balcom Ave #101 Encino, CA 91316 | Attn: Travis Smith Phone: 818-935-5399 Fax: 866-213-1843 Email: Travis@ReflexSalesGroup.com | Service Provider | n/a | | | $529,612.63 |
| 46 | Lifeworks Technology Group LLC 530 7th Avenue 21st Floor New York, NY 10018 | Attn: Kathy Plesa Phone: 212-221-1832 Fax: 212-869-0894 Email: Kathy@golifeworks.com | Trade | n/a | | | $523,497.00 |
| 47 | Andrews Kurth LLP 600 Travis Street Suite 4200 Houston, TX 77002 | Attn: Silvia Salas Phone: 713-220-4200 Fax: 713-220-4285 Email: SilviaSalas@andrewskurth.com | Professional Services | n/a | | | $521,503.55 |
| 48 | Oved Apparel 31 West 34th Street New York, NY 10001 | Attn: Larry Turkel Phone: 212-244-3800 Email: Larry@ovedapparel.com | Trade | n/a | | | $511,307.98 |
| 49 | UMA Enterprises Inc. 350 W Apra St. Compton, CA 90220 | Attn: Amrick Singh Phone: 212-244-3800; 310-631-1166 Fax: 310-631-2124 Email: amrick@umainc.com | Trade | n/a | | | $510,518.11 |
| 50 | Caleres Inc. 8300 Maryland Ave St. Louis, MO 77056 | Attn: Katie Stanler Phone: 314-854-4000 Email: kstatler@caleres.com | Trade | n/a | | | $486,944.15 |

Fill in this information to identify the case and this filing:

Debtor Name    Specialty Retailers, Inc.

United States Bankruptcy Court for the:    Southern District of Texas

(State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the Thirty Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration    **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

**5/10/2020**             ☒ */s/ Michael L. Glazer*
MM/ DD/YYYY              Signature of individual signing on behalf of debtor
                         **Michael L. Glazer**
                         Printed name
                         **President and Chief Executive Officer**
                         Position or relationship to debtor

Official Form 202                Declaration Under Penalty of Perjury for Non-Individual Debtors

OMNIBUS RESOLUTIONS OF THE MEMBERS OF
THE BOARDS OF DIRECTORS OF

**STAGE STORES, INC. AND
SPECIALTY RETAILERS, INC.**

**Dated as of May 10, 2020**

The boards of directors (each, a "Board," and collectively, the "Boards"), of Stage Stores, Inc. and Specialty Retailers, Inc. (each, a "Company," and, collectively, the "Companies") respectively hereby take the following actions and adopt the following resolutions pursuant to the bylaws or similar document (in each case as amended or amended and restated to date) of each Company and the laws of the jurisdiction in which such Company is organized.

WHEREAS, each Board has considered presentations by management and the financial and legal advisors of each of the Companies regarding the liabilities and liquidity situation of each of the Companies, the strategic alternatives available to it, and the effect of the foregoing on each Company's business; and

WHEREAS, each Board has had the opportunity to consult with the financial and legal advisors of the Companies and assess the considerations related to the commencement of chapter 11 cases under title 11 of the United States Code (the "Bankruptcy Code"), including materials provided by the financial and legal advisors, and each Board recommends the adoption of these resolutions.

Now, THEREFORE, BE IT:

**Chapter 11 Filing**

RESOLVED, that, in the judgment of each Board, it is desirable and in the best interests of the Companies, their creditors, and other parties in interest that the each of the Companies shall be and hereby are authorized to file or cause to be filed a voluntary petitions for relief (the "Chapter 11 Cases") under the Bankruptcy Code in a court of proper jurisdiction (the "Bankruptcy Court").

RESOLVED, that the Chief Executive Officer, the Chief Financial Officer, the Acting General Counsel, the Chief Restructuring Officer, and any Executive Vice President, and any other representatives of the Companies (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be and they hereby are authorized, empowered, and directed to execute and file on behalf of the Companies all petitions, schedules, lists, and other motions, papers, or documents and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Companies' businesses.

**Retention of Professionals**

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland") as general bankruptcy counsel to represent and assist the Companies in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including filing any motions, objections, replies, applications or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Jackson Walker L.L.P. ("Jackson Walker") as local bankruptcy counsel to represent and assist the Companies in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including filing any motions, objections, replies, applications or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jackson Walker.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm PJ Solomon, L.P. and/or its affiliate PJ Solomon Securities, LLC (collectively, "PJS") as investment banker to, among other things, assist the Companies in evaluating its business and prospects, developing a long-term business plan, developing financial data for evaluation by the Boards, creditors, or other third parties, as requested by the Companies, evaluating the Companies' capital structure, responding to issues related to the Companies' financial liquidity, and in any sale, reorganization, business combination, or similar disposition of the Companies' assets; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of PJS.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm Berkeley Research Group, LLC ("BRG"), as restructuring advisor, and to take any and all actions to advance each of the Companies' rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of BRG.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Kurtzman Carson Consultants LLC ("Kurtzman") as notice and claims agent to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies'

rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Kurtzman.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of A&G Realty ("A&G") as real estate consultant to represent and assist the Companies in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Companies' rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of A&G.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ any other professionals to assist the Companies in carrying out their duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with the Chapter 11 Cases, with a view to the successful prosecution of such case.

**Appointment of Elaine Crowley as Chief Restructuring Officer**

WHEREAS, the members of the Boards (excluding Elaine Crowley), have discussed and determined that appointing Ms. Crowley as Chief Restructuring Officer is in the best interests of the Companies and that her proposed compensation is fair and reasonable under the circumstances.

RESOLVED, that the Boards hereby appoint Ms. Crowley, effective as of the date upon which the Chapter 11 Cases are filed, as each Company's Chief Restructuring Officer for the purpose of performing the duties and responsibilities of a Chief Restructuring Officer and such other duties and responsibilities as may be determined by the Boards to be reasonably related thereto; and

RESOLVED, that each of the Authorized Signatories of the Companies (and their designees and delegates), acting alone or with one or more other Authorized Signatories, be, and each of them hereby is, authorized to enter into and execute, on behalf of such Company, (i) any employment agreement with Ms. Crowley to ratify such appointment

and/or (ii) such other employment arrangements as may be reasonably related to such appointment.

**Cash Collateral and Adequate Protection**

WHEREAS, that the Companies are party to that certain Second Amended and Restated Credit Agreement, dated as of October 6, 2014 (as amended from time to time), by and among the Specialty Retailers, Inc., as borrower, and Stage Stores, Inc., as guarantor, certain lenders party thereto, and Wells Fargo, National Association, in its capacity as administrative agent, pursuant to which the lenders (the "Lenders") party thereto have made certain loans and financial accommodations available to the Companies.

WHEREAS, each Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for the Lenders.

Now, THEREFORE, BE IT:

RESOLVED, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Companies will provide certain adequate protection to the Lenders (the "Adequate Protection Obligations"), as documented in the proposed order regarding the use of cash collateral (the "Cash Collateral Order") and submitted for approval to the Bankruptcy Court;

RESOLVED, that each Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Cash Collateral Order;

RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to seek approval of the use of cash collateral pursuant to the Cash Collateral Order, and, to the extent applicable to each Company, any Authorized Signatory be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of each Company, as necessary or advisable to implement the Cash Collateral Order, including providing for adequate protection to the Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for the use of cash collateral in connection with the Chapter 11 Cases, which agreement(s) may require the Companies to grant adequate protection and security interests to the Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Companies pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Signatory, in his absolute discretion approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof; and

RESOLVED that each of the Authorized Signatories be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to execute,

deliver, and file any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Cash Collateral Order or to take any other action which shall in his/her or their absolute discretion be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his/her, or their execution thereof.
.

**Store Closing**

RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized and directed, and empowered in the name of, and on behalf of, each Company, to begin the process of closing the Company's stores and liquidating the assets and inventory related thereto as is determined to be necessary, including entering into an agreement with an agent to represent and assist each Company in operating "store closing" sales as is determined to be necessary; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of such agent.

**General**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be and they hereby are authorized and empowered, in the name of and on behalf of the Companies, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such director's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that each Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Companies, or hereby waive any right to have received such notice.

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Companies, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Companies with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Boards.

RESOLVED, that each of the Authorized Signatories (and their designees and delegates) be and hereby are authorized and empowered to take all actions or to not take any action in the name of the Companies with respect to the transactions contemplated by these

5

resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

[*Remainder of page intentionally left bank*]

IN WITNESS WHEREOF, the undersigned represents that each Board has authorized the undersigned to execute this Written Consent on behalf of each Board as of the date above first written.

**STAGE STORES, INC.**

_____
Name: Michael L. Glazer
Director

_____
Name: Alan J. Barocas
Director

_____
Name: Elaine D. Crowley
Director

_____
Name: Diane M. Ellis
Director

_____
Name: Earl J. Hesterberg
Director

_____
Name: Lisa R. Kranc
Director

_____
Name: William J. Montgoris
Director

45

**SPECIALTY RETAILERS, INC.**,

_____
Name: Michael L. Glazer

_____
Name: Jason Curtis
Director

8